UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

J.B. ELECTRIC CO., INC. :
:
VS : CA. NO.:
:
HUNTINGTON CONTROLS, INC. : CA 07 400ML

**COMPLAINT**
**PARTIES**

1. Plaintiff, J. B. Electric Co., Inc. is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located at 76 Gentian Avenue, Providence, Rhode Island. ("J.B. Electric")

2. Upon information and belief, Defendant, Huntington Controls, Inc., is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of located at 530 West Street, Braintree, Massachusetts ("Huntington")

**JURISDICTION**

3 Upon information and belief, each of the Defendant, Huntington by virtue of its business activities within the State of Rhode Island, has the necessary and minimum contacts with the State of Rhode Island to confer jurisdiction on this Court pursuant to R.I.G.L. §9-5-33, as amended, and subjecting said Defendant to the personal jurisdiction of the courts of the State of Rhode Island.

4. Subject Matter jurisdiction is conferred upon the Court pursuant to 28 U.S.C. § 1332, as the parties are diverse and the matter in controversy exceeds , exclusive of interest and costs, the sum of Seventy- Five Thousand Dollars ($75,000.00).

5. Venue is proper under 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in the District of Rhode Island.

## FACTS

6. In or about April, 2006, the Defendant, Huntington, hired Plaintiff as a subcontractor for the Renaissance Hotel Project in Providence, Rhode Island.

7. Since April, 2006, Plaintiff has provided electrician services and materials, at the Defendant's express request at the Renaissance Hotel Project.

8. The Defendant owes the Plaintiff One Hundred Fifty Thousand Ninety Three and 33/100 ($150,093.33) Dollars for labor performed and materials supplied and delivered by the Plaintiff to the Defendant at the Defendant's express request.

9. Plaintiff has made demand upon Defendant for payment of the sum of One Hundred Fifty Thousand and 33/100 ($150,093.33) Dollars for monies owed. Said Defendant has refused and continues to refuses to pay said sum.

10. Defendant is liable to the Plaintiff pursuant to RI General Law Section 9-1-45 for the award of reasonable attorney fees.

## COUNT I

## (BOOK ACCOUNT)

11. Plaintiff realleges and incorporates by reference Paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Defendant has failed, refused and neglected to pay Plaintiff for work performed, labor and materials supplied at the Renaissance Hotel Project.

13. Plaintiff is owed by Defendant on book account One Hundred Fifty Thousand Ninety Three and 33/100 ($150,093.33) Dollars.

14. Under the laws of the State of Rhode Island Defendant is obligated to pay Plaintiff for the labor provided and materials supplied at Defendant's request at the Renaissance Hotel Project.

## COUNT II
## (BREACH OF CONTRACT)

15. Plaintiff realleges and incorporates by reference Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. Defendant breached the express terms of their agreement by failing to pay Plaintiff for labor provided and materials supplied at the Renaissance Hotel Project.

17. Under the laws of the State of Rhode Island, Defendant is liable to Plaintiff for breach of contract.

18. As a direct and proximate result of Defendant's breach of contract Plaintiff has incurred damages which include but not limited to moneys due and owing in the amount of One Hundred Fifty Thousand Ninety Three and 33/100 ($150,093.33) Dollars;

**COUNT III**
**(Quantum Meruit)**

19. Plaintiff realleges and incorporates by reference Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Under the laws of the State of Rhode Island, Defendant is liable to the Plaintiff under the theory of Quantum Meruit.

WHEREFORE, Plaintiff prays as follows:

A. That Judgment be entered against Defendant in an amount in excess of the jurisdictional limit of this Court and to be determined by the trier of fact;

B. That Plaintiff be awarded its reasonable attorneys' fees pursuant to R.I.G.L. § 9-1-45;

C. That Plaintiff be awarded costs;

D. That Plaintiff be awarded interest on any judgment recovered in accordance with the laws of the State of Rhode Island.

E. Such other and further relief as the Court deems just and proper.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #204
THE LAW FIRM OF THOMAS
TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362

DATED: October 26 , 2007

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY