UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

J.B. ELECTRIC CO. :

vs. : C.A. No. 07-400 ML

HUNTINGTON CONTROLS, INC. :

## ANSWER

### Parties

1. Defendant admits the allegation contained in paragraph 1 of plaintiff's complaint.

2. Defendant admits the allegation contained in paragraph 2 of plaintiff's complaint.

### Jurisdiction

3. Defendant admits the allegation contained in paragraph 3 of plaintiff's complaint.

4. Defendant denies the allegation contained in paragraph 4 of plaintiff's complaint.

5. Defendant denies the allegation contained in paragraph 5 of plaintiff's complaint.

### Facts

6. Defendant admits the allegation contained in paragraph 6 of plaintiff's complaint.

7. Defendant admits the allegation contained in paragraph 7 of plaintiff's complaint.

8. Defendant denies the allegation contained in paragraph 8 of plaintiff's complaint.

9. With regard to the allegations contained in paragraph 9 of plaintiff's complaint, defendant admits that plaintiff has made a demand and defendant admits that defendant has refused to make additional payment. Defendant denies that plaintiff is owed any additional monies.

10. Defendant denies the allegation contained in paragraph 10 of plaintiff's complaint.

### COUNT I
(Book Account)

11. Defendant hereby incorporates paragraphs numbered 1 through 10 herein.

12. Defendant denies the allegation contained in paragraph 12 of plaintiff's complaint.

13. Defendant denies the allegation contained in paragraph 13 of plaintiff's complaint.

14. Defendant denies the allegation contained in paragraph 14 of plaintiff's complaint.

COUNT II
(Breach of Contract)

15. Defendant hereby incorporates paragraphs numbered 1 through 14 herein.

16. Defendant denies the allegation contained in paragraph 16 of plaintiff's complaint.

17. Defendant denies the allegation contained in paragraph 17 of plaintiff's complaint.

18. Defendant denies the allegation contained in paragraph 18 of plaintiff's complaint.

COUNT III
(Quantum Meruit)

19. Defendant hereby incorporates paragraphs numbered 1 through 18 herein.

20. Defendant denies the allegation contained in paragraph 20 of plaintiff's complaint.

WHEREFORE, defendant, Huntington Controls, Inc. demands that plaintiff's complaint be dismissed and defendant be awarded it costs thereon.

**First Affirmative Defense**

Plaintiff's claims may be barred or limited by material breaches of the subcontract agreement with Huntington Controls, Inc.

**Second Affirmative Defense**

Plaintiff's claims may be barred or limited by its failure to comply strictly with the terms of the subcontract agreement with Huntington Controls, Inc.

**Third Affirmative Defense**

Plaintiff's claims are barred or limited as no funds are due and owing to plaintiff from defendant.

**Fourth Affirmative Defense**

Plaintiff's claims may be barred in whole or in part, due to its failure to mitigate its damages.

**Fifth Affirmative Defense**

Any damage allegedly incurred by plaintiff has been caused by those over whom defendant Huntington has no control and for whom defendant Huntington is not responsible.

**Sixth Affirmative Defense**

Plaintiff's claims may be barred in whole or in part, due to a lack of consideration.

**Seventh Affirmative Defense**

Plaintiff's claims may be barred in whole or in part, due to plaintiff's waiver and release.

WHEREFORE, defendant, Huntington Controls, Inc. demands that plaintiff's complaint be dismissed and defendant be awarded its costs thereon.

Defendant,
***Huntington Controls, Inc.***
By its Attorneys:

David M. Campbell (#3355)
***Visconti & Boren, Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 - Telephone
(401) 421-9302 - Facsimile

**Certification**

I, the undersigned, do hereby certify that a copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 21st day of November, 2007 to:

Thomas A. Tarro, III, Esquire
THE LAW FIRM OF THOMAS
TARRO, III, ESQUIRE
The summit East - Suite 330
300 Centerville Road
Warwick, RI 02886