**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **J.B. ELECTRIC CO.** | : | |
| | : | |
| **vs.** | : | **C.A. No. 07-400 ML** |
| | : | |
| **HUNTINGTON CONTROLS, INC.** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

NOW COMES the defendant, Huntington Controls, Inc. ("Huntington") and hereby moves pursuant to F.R.C.P. 26(c) for issuance of a protective order against the plaintiff, J.B. Electric Co., Inc. ("JB"). In support therefor, Huntington states as follows:

On or about October 26, 2007, JB filed the instant complaint against Huntington, alleging breach of contract and unjust enrichment relative to a dispute over payment allegedly owed to JB for labor and materials it supplied on a construction project located in Providence, Rhode Island and known as the Renaissance Hotel project ("the Project"). In connection with the Project, Huntington hired JB as a subcontractor to perform certain electrical work. The disputed amount remains in question. While JB alleges in its complaint that it remains owed $150,093.33, JB also submitted a pre-trial conference statement in which it alleges a debt in the amount of $118,355.81.

In any event, it is undisputed that the majority of the disputed amount stems from two particular alleged change orders. The first such change order is alleged by JB to have been for the amount of $43,639. The second such change order is in the amount of $56,012.

The parties are now engaging in discovery. In order to resolve the issues of fact concerning JB's allegations, and in particular the two alleged change orders, Huntington has served notice to take the depositions of JB's principal and its project manager.

Meanwhile, JB has noticed ***eight*** separate depositions of Huntington employees to take place over the course of three full days. Given the amount in controversy, including the fact that approximately $100,000 of the $118,455 stems from two particular alleged change orders, noticing eight depositions is unnecessary, unreasonable and represents good and sufficient cause for the Court to issue an order to protect Huntington from this undue burden and expense.

The Federal Rules provide guidelines pertinent to the number of depositions a party can notice. Rule 30(a)(2)(A)(i) provides that a party must seek leave of court to the extent it notices ten or more depositions. The advisory committee notes to Rule 30 provide that one aim of the requirement that a party seek such leave is to "assure judicial review under the standards stated in Rule 26(b)(2)."

Rule 26(b)(2) permits the Court to alter the limits on the number of depositions. The Court "must limit the frequency or extent of discovery otherwise allowed by these rules" if it determines that "the ***burden*** or ***expense*** of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues". F.R.C.P. 26(b)(2)(C)(iii) (emphasis added.)

Here, the amount in controversy concerns the alleged issuance of only two change orders. Huntington had one project manager on site. The potential testimony of the eight individuals noticed by JB would be duplicative at best, and more likely irrelevant to the matters at hand. Additionally, the cost is unnecessary and burdensome.

The Federal Rules specifically delineate unnecessary and burdensome cost as a basis for the Court to place a cap on the number of depositions. In this vein, the advisory committee notes to Rule 30 note that the "counsel have a professional obligation to develop a mutual cost

effective plan for discovery in the case." And, further, "in some cases, the ten per side limit should be reduced in accordance with [the principles of Rule 26(b)(2)]."

In the case at bar, given the narrow scope of the subject matter at issue, certainly something less than the eight depositions noticed by JB would allow the plaintiff to ascertain whatever relevant information it seeks. In lieu of noticing every Huntington agent or employee even remotely connected with the Project, F.R.C.P. 30(b)(6) affords JB the ability to delineate particular topics of inquiry, thereby obligating Huntington to produce the individual or individuals most knowledgeable. Such an approach would eliminate the undue and unreasonable burden and expense to be incurred on behalf of the defendant.

WHEREFORE, Huntington seeks the issuance of a protective order precluding JB from going forward with the eight separate depositions as aforesaid.

Defendant,
***Huntington Controls, Inc.***
By its Attorneys:

*/s/ David M. Campbell*

David M. Campbell (#3355)
***Visconti & Boren, Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 - Telephone
(401) 421-9302 - Facsimile

**Certification**

I, the undersigned, do hereby certify that a copy of the foregoing has been furnished electronically through the United States District Court ECF system, this 7th day of May, 2008 to:

Thomas A. Tarro, III, Esquire
THE LAW FIRM OF THOMAS
TARRO, III, ESQUIRE
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886

*/s/ David M. Campbell*