UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| J.B. ELECTRIC CO., INC. | : | |
| | : | |
| VS. | : | CA. NO.: 07-400 ML |
| | : | |
| HUNTINGTON CONTROLS, INC. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

NOW COMES your Plaintiff, J.B. Electric Co., Inc., and objects to the Defendant's Motion for Issuance of Protective Order against the Plaintiff with respect to depositions that have been scheduled in this matter.

**Factual Background**

This matter arises out of a Complaint brought by the Plaintiff, J.B. Electric Co., Inc. against the Defendant, Huntington Controls, Inc alleging counts for monies owed on book account, breach of contract and quantum meruit arising out of electrical services and materials provided by the Plaintiff as a subcontractor for the Defendant at the Renaissance Hotel Project in Providence, Rhode Island in and around April 2006. Plaintiffs allege that the Defendant owes the Plaintiff the sum of approximately $150,000 for labor performed and materials supplied and delivered by the Plaintiff to the Defendant, at the Defendant's express request, related to said project.

On or about December 19, 2007, the Plaintiff provided the Defendant with its Rule 26 Disclosure, setting forth the names of all individuals likely to have

discoverable information concerning the subject matter of the litigation, as well as describing all documents that support its claims against the Defendant.

Subsequently, on January 8, 2008, the Plaintiff propounded Interrogatories and Request for Production of Documents upon the Defendant, by and through its counsel.

On January 25, 2008, the Defendant provided Plaintiff with its Rule 26 Disclosure, setting forth the names of individuals likely to have discoverable information concerning this matter, as well as providing documents that Defendant may use to support its defense. With respect to same, the plans and specifications for the project were not provided as part of the Defendant's Rule 26 Disclosure. However, the Defendant indicated in its Disclosure that said documents would be "available upon request."

A Pretrial Conference took place in this matter on January 31, 2008, resulting in a Pretrial Scheduling Order indicating that discovery was to be completed in this matter by May 30, 2008. At the Pretrial Conference, Plaintiff's counsel indicated to defense counsel that the Defendant could respond to the Interrogatories and Request for Production of Documents, that had been forwarded to defense counsel on or about January 8, 2008, thirty (30) days from the date of the Pretrial Conference.[1]

---

[1] This conversation resulted from the defense counsel's stating his objection to Plaintiff's Request for Production of Documents and Interrogatories being served on the Defendant prior to the Rule 26 Conference. However, a Rule 26 Conference was never scheduled in this matter.

On February 29, 2008, Plaintiff's counsel forwarded a correspondence to defense counsel requesting copies of the original designs and specifications which were issued to J.B. Electric, Inc., for bidding purposes, along with Bulletins 55 and 63; which were bulletins referenced in documents that were produced by the Defendant in its Rule 26 Disclosure. (Exhibit "1")

On April 30, 2008, Plaintiff's counsel forwarded another correspondence to defense counsel, again requesting copies of the original designs and specifications which were issued to J.B. Electric, Inc. for bidding purposes, along with Bulletins 55 and 63. Plaintiff's counsel also noted that he had not yet received a response to Interrogatories or Request for Production of Documents. He forwarded said correspondence, in compliance with the Good Faith Referral Requirements of Rule 37 of the Federal Rules of Civil Procedure.[2] (Exhibit "2")

As of the date of filing the instant Objection, defense counsel has not provided Plaintiff's counsel with the original designs and specifications, nor Bulletins 55 and 63.

On May 1, 2008, Plaintiff's counsel noticed the depositions of Eugene Parizher, Chris Peterson, Jeff Hickenbottom, Steven Lamers, Patrick Guyot, Michael Huntington, Paul Milano and Lou Micheli. Said depositions were scheduled to take place during the week of May 19, 2008 to May 23, 2008.

---

[2] On May 6, 2008, Plaintiff's counsel filed Motions to Compel Answers to Interrogatories and Response to Document Request propounded upon the Defendant, due to the fact that he had not received any response to the discovery request as of said date and in view of the pending discovery closure date of May 30, 2008.

The individuals whose depositions were noticed by Plaintiff's counsel were persons identified in the Defendant's Rule 26 Disclosure, as individuals likely to have discoverable information concerning the instant litigation.

On May 7, 2008, defense counsel filed a Motion for Protective Order precluding Plaintiff's counsel from conducting the depositions which have been noticed in this matter.

Your Plaintiff objects to the Defendant's Motion for Protective Order on the grounds that it has failed to show good cause for the issuance of an Order of the court precluding the Plaintiff from conducting the depositions that have been noticed of individuals who the Defendant, itself, has identified as persons who are likely to have discoverable information concerning the subject matter of this litigation. Your Plaintiff further submits that the Defendant's Motion for Protective Order is in contravention of the spirit of the Rules of Civil Procedure, particularly, where the Defendant has, as of the date of filing its Motion for Protective Order, failed and refused to answer Interrogatories or respond to Document Requests that have been outstanding since the Pretrial Conference in this matter, which took place on January 31, 2008. Moreover, Defendant has failed to produce additional documents which Plaintiff's counsel has requested in correspondence referenced herein; despite the fact the Defendant indicated in its Rule 26 Disclosure said documents would be "available upon request."

## Legal Argument

### I. THE DEFENDANT HAS FAILED TO ESTABLISH GOOD CAUSE TO WARRANT THE ISSUANCE OF AN ORDER PRECLUDING THE PLAINTIFF FROM CONDUCTING THE DEPOSITONS IN THIS MATTER.

Your Plaintiff submits that the Defendant has failed to establish good cause to warrant this court issuing Protective Orders precluding the Plaintiff from conducting the depositions, previously noticed in this matter.

Along these lines, Rule 26 of the Rules of Civil Procedure provides, in pertinent part:

> "Rule 26. **General Provisions governing discovery; duty of disclosure.** * * * **(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the moveant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. * * *
>
> If the Motion for a Protective Order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. * * *

Your Plaintiff submits that the Defendant has failed to establish good cause to warrant issuance of protective orders precluding Plaintiff from going forward with the depositions that have been noticed in this matter. As indicated in Section 1 hereof, the Defendant has failed to answer Interrogatories or respond to Request

for Production of Documents.[3] In its Interrogatories to the Defendant, the Plaintiff seeks relevant and discoverable information concerning the identities of any and all persons employed by the Defendant who engaged the Plaintiff to perform the electrical work at the Renaissance Hotel construction project and/or who issued or placed orders for labor or materials with the Plaintiff. Plaintiff's Interrogatories request the identity of any employee or agent of the Defendant who notified the Plaintiff of any defects in any of the work undertaken by the Plaintiff at the Renaissance Hotel construction project, as well as the identity of any agent or employee of the Defendant who has information concerning work performed by the Plaintiff which the Defendant alleges was unauthorized. Additionally, Plaintiff propounded a number of Interrogatories seeking all facts which support the Defendant's seven (7) affirmative defenses which have been raised in its Answer to the Plaintiff's Complaint in this matter.

In sum, your Plaintiff submits that the Defendant has failed to provide answers to Interrogatories, which would greatly assist the Plaintiff in determining those individuals, who are employees or agent of the Defendant, who have the most knowledge concerning the dispute giving rise to the instant litigation. Moreover, as indicated previously, the Defendant has failed to provide Plaintiff's counsel with copies of the original designs and specifications, which were issued to the Plaintiff for bidding purposes, with respect to the Renaissance Hotel

[3] Plaintiff has filed a Motion to Compel the Defendant to answer Interrogatories and respond to Document Request, to which the Defendant has objected. The matter has been referred to Magistrate Almond but has not yet been set down for a hearing date.

construction project, along with Bulletins 55 and 63; which were referenced in documents which were produced by the Defendant as part of its Rule 26 Disclosure. This is the case, despite the fact that in its disclosure, Defendant indicates that the designs and specifications would be "available upon request."

In view of the court's Pretrial Order, setting forth a discovery closure date of May 30, 2008, taken in consideration with the present state of discovery (or lack thereof), Plaintiff's counsel noticed the depositions of the individuals that were identified by the Defendant, itself, as persons who are likely to have discoverable information concerning this matter. Along these lines, the Defendant identified eight (8) individuals; all of which Plaintiff's counsel issued Notices of Deposition. Plaintiff submits that without Answers to Interrogatories, wherein the Defendant might provide relevant information concerning this matter, the Plaintiff has no other option but to notice the depositions of all those individuals, whom the Defendant has identified as persons who have discoverable information.

It is the actions of the Defendant that has placed the Plaintiff in present situation, and not the Plaintiff. Moreover, and more importantly, the factual circumstances as set forth herein clearly evidence a lack of good cause shown by the Defendant to warrant Orders of the court precluding the Plaintiff from conducting the depositions, as noticed.

As to the Defendant's reliance on Rule 30(a)(2)(A)(i) in support of its Motion for Protective Order, the Plaintiff submits that said reliance is misplaced. Said Rule provides that a party must seek leave of court to the extent it notices ten

(10) or more depositions. The Plaintiff has noticed eight (8) depositions, and as such, Plaintiffs submit that the section of the Rule referenced by the Defendant has no persuasive significance, with respect to Defendant's Motion for Protective Order.

Lastly, as to the Defendant's reliance on Rule 26(b)(2), which permits the court to alter the limits on the number of depositions, again, the Plaintiff urges the court to consider the factual circumstances as they presently exist. The Plaintiff has noticed the depositions of the eight (8) individuals identified by the Defendant, itself, as persons who are likely to have discoverable information concerning this matter. The Plaintiff has no other information to rely on at this point, as the Defendant has failed to answer Interrogatories or respond to Document Request. Accordingly, Plaintiff has done all that it can do in noticing the depositions of the eight (8) individuals who have been identified by the Defendant, itself. Aside from filing Motions to Compel the Defendant to respond to discovery (which the Plaintiff has done), the Plaintiff has no other means of conducting discovery in this matter.

## Conclusion

Based on the foregoing, your Plaintiff submits that the Defendant has failed to show good cause to warrant issuance of Protective Orders precluding the Plaintiff from going forward with the depositions which have been noticed in this matter. Accordingly, the Defendant's Motion for Protective Order should be denied in all respects.

Plaintiff,
By and through its Attorney,

/s/ Thomas A. Tarro, III

Thomas A. Tarro, III, Esq. (#2046)
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

**CERTIFICATION**

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Plaintiff's Memorandum in Support of its Objection to Defendant's Motion for Protective Order*** on the 13th day of May, 2008, to:

David M. Campbell, Esq.
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903

/s/ Thomas A. Tarro, III

THE LAW FIRM OF
THOMAS A. TARRO III, ESQ.
THE SUMMIT EAST -- SUITE 330
300 CENTERVILLE ROAD
WARWICK, RHODE ISLAND 02886

THOMAS A. TARRO III
ttarro3rd@tarrolawfirm.com

ANTHONY S. BUGLIO
abuglio@tarrolawfirm.com

KRIS R. MACARUSO MAROTTI
kmarotti@tarrolawfirm.com

[illegible]
FAX: [illegible]

February 29, 2008

David M. Campbell, Esq.
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903

RE: J.B. Electric Co., Inc. vs. Huntington Controls, Inc.
C.A. No.: 07-0400-ML

Dear David:

Please provide me with copies of the original designs and specifications which were issued to JB Electric Company, Inc. for bidding purposes along with bulletins 55 and 63.

Very truly yours,

Thomas A. Tarro, III

TAT/atn

Blumberg No. 5118
EXHIBIT
1

THE LAW FIRM OF
THOMAS A. TARRO III, ESQ.
THE SUMMIT EAST – SUITE 330
300 CENTERVILLE ROAD
WARWICK, RHODE ISLAND 02886

THOMAS A. TARRO III
ttarro3rd@tarrolawfirm.com

ANTHONY S. BUGLIO
abuglio@tarrolawfirm.com

KRIS R. MACARUSO MAROTTI
kmarotti@tarrolawfirm.com

(401) 737-7200
FAX: (401) 732-3362

April 30, 2008

VIA FACSIMILE

David M. Campbell, Esq.
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903

RE: J.B. Electric Co., Inc. vs. Huntington Controls, Inc.
C.A. No.: 07-0400-ML

Dear David:

On February 29, 2008, I sent you a letter requesting copies of the original designs and specifications which were issued to JB Electric Company, Inc. for bidding purposes along with bulletins 55 and 63. To date, I have not received these documents.

Additionally, I have not received a response to Interrogatories and Request for Production of Documents. I am forwarding a copy of a Motion to Compel which I have drafted. Please let me know if you will be responding to discovery without the need to file the Motion to Compel.

I intend on filing the motion on Monday, should I not hear from you regarding the outstanding discovery.

Very truly yours,

Thomas A. Tarro III/atn
Thomas A. Tarro, III

TAT/atn
Enclosure

EXHIBIT
2
Blumberg No. 5118