UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

J.B. ELECTRIC CO., INC. :
:
VS. : CA. NO.: 07-400 ML
:
HUNTINGTON CONTROLS, INC. :

**PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES PROPOUNDED UPON THE DEFENDANT, HUNTINGTON CONTROLS, INC.**

NOW COMES your Plaintiff, J.B. Electric, Co., pursuant to Rule 37 of the Federal Rules of Civil Procedure, and moves for an Order of this Honorable Court compelling the Defendant, Huntington Controls, Inc. to provide more responsive answers to the following Interrogatories:

**INTERROGATORY NO. 6**: If your answer to the preceding interrogatory is in the affirmative, please state:

a. State with specificity what electrical work was defective;

b. State when the Defendant first became aware of such defect;

c. State when you first notified the Plaintiff of any such defective work;

d. State whether such notification was oral or in writing;

e. State to whom the Defendant made such notification;

f. State the name of the person employed by Defendant that gave such information;

g. State the content of such notification;

h. State the content of Plaintiff's reply to such notification;

i. If such notification was in writing, please identify each document sufficiently to support a request for production of documents; and

j. State if the defective work was correct and if so, by whom and at what cost.

**ANSWER NO. 6**: The control wiring performed by plaintiff was not adequately labeled and HCI became aware of the defect during commissioning from March through June, 2007. HCI gave plaintiff verbal notification of the problem in March, 2007. More specifically, Chris Peterson of HCI gave verbal notice to Ron, plaintiff's foreman. Because the control wiring was not properly labeled, HCI had problems troubleshooting various issues. HCI corrected the control wiring. HCI estimates the lost time to be approximately 80 hours at $58.50 per hour for a total backcharge of $4,680.

Plaintiff failed to provide all materials required by the subcontract. More specifically, plaintiff failed to provide the low-voltage cable and HCI was forced to purchase the cable for the project at its own expense. The cost of the materials from various suppliers was $13,889 (see transaction detail; attached Exhibit "B").

Plaintiff also failed to install control devices on the air handling units, as required by the subcontract. HCI was forced to install the devices at its own expense at a cost of $11,309, representing 149 hours at $75.90 per hour (See time-by-job detail; attached Exhibit "C").

**INFORMATION SOUGHT**: Plaintiff seeks an Order of the court compelling the Defendant to provide a more responsive answer to the interrogatory

related to its allegation that the Plaintiff failed to provide all material required by the subcontract, and further, failed to install control devices in the air handling units as required by the subcontract. Particularly, the Plaintiff seeks a response to the sub parts of the interrogatory related to the aforementioned allegations of the Defendant as set forth in its answer indicating when the Defendant first became aware of the Plaintiff's alleged failure to provide all materials required by the subcontract and to install control devices on the air handling units as required by the subcontract; when the Defendant first notified the Plaintiff of such; whether the notification was oral or in writing; to whom the Defendant made such notification; the name of the person employed by Defendant who gave such notification; the content of such notification; and the content of Plaintiff's reply to such notification.

Your Plaintiff submits that the Defendant's answer fails to provide information responsive to said subsections. Accordingly, Plaintiff seeks an Order of the court compelling the Defendant to provide a more responsive answer including the information sought as set forth above.

**INTERROGATORY NO. 7**: If you allege that unauthorized work was performed by the Plaintiff at the Renaissance Hotel Construction Project, please specifically set forth:

a. The unauthorized work performed;

b. The date on which the unauthorized work was performed;

c. The date on which defendant notified plaintiff that the work was not authorized;

d. The person employed by defendant who notified Plaintiff that the work was not authorized;

e. The person employed by Plaintiff to whom the notification was sent;

f. Whether or not the notification was in writing and, if so, the type of written notification sent.

**ANSWER NO. 7**: See attached Exhibit "A".

**INFORMATION SOUGHT**: Plaintiff seeks an Order of the court compelling the Defendant to provide a full and complete answer to the interrogatory, including the subparts (a) through (f) thereof. In support of its motion, Plaintiff states that the Defendant's answer simply refers to an Exhibit "A", which is attached to the Answers to Interrogatories. However, said exhibit does not provide all of the information responsive to the interrogatory, and particularly fails to indicate dates on which unauthorized work was performed, dates on which Defendant notified the Plaintiff that the work was not authorized, the person employed by the Defendant who notified the Plaintiff that the work was not authorized, the person employed by the Plaintiff to whom notification was sent and whether or not notification was in writing, and if so, the type of written notification sent.

The Defendant's present answer is insufficient and fails to provide a response to the aforementioned areas of inquiry. Accordingly, Plaintiff seeks an Order of the court compelling the Defendant to provide a more responsive answer, including response to subsections (a) through (f) of the interrogatory.

**INTERROGATORY NO. 25**: Please state whether or not Defendant,

Huntington Controls, Inc. submitted to any other subcontractor of general contractor on the Renaissance Hotel Construction Project statements or invoices for labor and materials and/or work performed by the Plaintiff, J.B. Electric Company, Inc. If the answer is in the affirmative, please identify;

a. the subcontractor and/or general contractor;

b. the dates on which the invoices and/or statements were submitted;

c. the amount of the invoices and/or statements;

d. whether or not the invoices and/or statements were paid in full.

**ANSWER NO. 25**: Plaintiff's invoices were submitted to Hensel-Phelps.

**INFORMATION SOUGHT**: Plaintiff seeks an Order of the court compelling the Defendant to provide a full and complete response to the interrogatory, including subsections (b) through (d) thereof. The Defendant's answer to the interrogatory simply states that Plaintiff's invoices were submitted to Hensel-Phelps but fails to provide responsive information concerning the date on which the invoices and/or statements were submitted, the amount of the invoices and/or statements and whether the invoices and/or statements were paid in full. Accordingly, Plaintiff seeks an Order of the court compelling the Defendant to provide a more responsive answer to the interrogatory as set forth above.

Good Faith Certification

Plaintiff's counsel hereby certifies that he has made a good faith effort to obtain the information requested herein without the need for court intervention.

WHEREFORE, Plaintiff seeks an Order of the court compelling the Defendant to provide more responsive answers to the foregoing interrogatories. Plaintiff seeks a ten (10) day Order for compliance.

Plaintiff,
By and through its attorney,

/s/ Thomas A. Tarro, III

Thomas A. Tarro III, Esq., #2046
LAW FIRM OF THOMAS A. TARRO III
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 fax

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within ***Motion to Compel More Responsive Answers to Interrogatories*** on the 25th day of July, 2008 to:

David M. Campbell, Esq.
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903

/s/ Thomas A. Tarro, III