**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **J.B. ELECTRIC CO.** | : | |
| | : | |
| **vs.** | : | **C.A. No. 07-400 ML** |
| | : | |
| **HUNTINGTON CONTROLS, INC.** | : | |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS OBJECTION TO**
**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

***Introduction***

On November 2, 2007, Defendant, Huntington Controls, Inc. ("Huntington") was served a complaint that had been filed by plaintiff, J.B. Electric Co. ("JB"), alleging one count each of Book Account, Breach of Contract and Quantum Meruit. The complaint stemmed from a construction project at the Renaissance Hotel in Providence, Rhode Island, on which project Huntington hired JB as an electrical subcontractor.

This Court set an initial discovery deadline of May 30, 2008 and later continued that deadline to August 28, 2008. Therefore, as of the date of the within objection, the deadline has passed.

In this time frame, the parties have been actively engaged in written and testimonial discovery. In addition to initial disclosures, the parties have exchanged a number of written discovery requests and conducted a number of fact depositions. Additional depositions are pending.

JB now moves for leave to amend its complaint to add a fraud claim fraught with new and distinct burdens of proof. Such an amendment will render all of the prior discovery largely meaningless as supplemental written discovery will be required and depositions will have to be re-noticed. Most importantly, JB offers no reason whatsoever as to why it waited to plead a fraud claim. JB does not reference any newly discovered facts or other circumstance which would present any grounds for this Court to grant leave in this circumstance.

***Legal Standard***

Fed.R.Civ.P. 15(a) concerns amendment of pleadings prior to trial. The Rule provides that a party, "may amend its pleading only with the opposing party's written consent or the Court's leave." In this regard, "The Court should freely give leave when justice so requires." Admittedly, the Rule 15(a) standard is a liberal one. However, it is well-established that a District Court is well within its discretion to deny such a motion to amend where there the movant has presented no rationale for the amendment or where the movant has exhibited undue delay, bad faith, or dilatory motive. E.g., Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995); Tiernan v. Blyth, Eastman, Dylan & Co., 719 F.2d 1, 4 (1st Cir. 1983).

The standard operates on a sliding scale; the longer the moving party waits to amend the complaint, the less resulting prejudice must be shown by the objecting party to justify the denial of leave to amend. See Weber v. Sanborn, 526 F. Supp. 2d 135 (D. Mass. 2007) (citing UNR Ind., Inc. v. Continental Ins. Co., 682 F. Supp. 1434 (N.D. Ill. 1998)); see also ACA Financial Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 57-58 (1st Cir. 2008) ("the longer the plaintiff delays, the more likely [a] motion to amend will be denied, as protracted delay, with its attendant

burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend”).

## ***Legal Argument***

***Burden is on the Plaintiff***

The burden is on JB to show the Court why it waited until the close of discovery to add a fraud count to its complaint. Weber, 526 F. Supp.2d at 141 (citing Carter v. Supermarkets Gen. Corp., 684 F.2d 187, 192 (1st Cir. 1982) (“[w]here a considerable period of time has passed between the filing of a complaint and the motion to amend, courts have placed the burden of proof on the movant to show some ‘valid reason for his neglect and delay’”).

JB’s motion for leave to amend should be denied because JB has set forth no basis supporting why it waited until the close of discovery to add this additional count.

***Totality of the Circumstances***

Generally, the Court will implement a ‘totality of the circumstances’ analysis and look at a number of factors in determining whether to grant a motion to amend. These factors include “whether the facts upon which the motion is based were known to the party throughout, whether a great deal of discovery had already taken place before the motion was filed, and whether the movant proffered a satisfactory explanation for its delay.” Weber, 526 F. Supp.2d at 141.

Some new facts must have been discovered in order to justify JB’s delay. The failure of JB to provide these reasons is sufficient grounds to deny the motion. Northern Insurance Company of New York v. Albin Manufacturing, Inc., 2008 W.L. 2019365 (D.R.I.). In Northern, the plaintiff alleged that new information had come to light and that its motion was the result of

that information. Judge Smith found that "the motion and supporting memorandum give no explanation of what this information is, and importantly, why they were unable to raise the claim at an earlier time in the proceedings." Therefore, Judge Smith denied the motion.

Here, JB has not suggested that any new facts were discovered that would have alerted the plaintiff to the existence of a claim for fraud. As such, as in Northern, the Court should deny the plaintiff's motion to amend.

Specifically, the proposed amended complaint alleges that HCI represented that JB would be paid for "straight time" for additional electricians necessary as part of a schedule acceleration and that the general contractor would be responsible for electrician overtime. Upon information and belief, this claim for "straight time" reimbursement for additional electricians is included in the original complaint and the principal amount sought has not been increased ($118,455).

The original complaint includes the "straight time" claim as one of the disputed change orders submitted by JB and rejected by both HCI and the general contractor. These claims for additional monies are without support in the contract documents and merely represent an attempt by JB to recover for performance inefficiencies and/or bid deficiencies. Upon information and belief, only a portion of the original claim in the amount of $118,455 represents monies allegedly expended for "straight time". However, JB now seeks the imposition of attorneys fees, which now may be disproportionate to the amount of the original claim.

JB offers no explanation for the late amendment. The JB claim for fraud is not supported by new evidence not available at the time of the filing of the original complaint. The primary claim for contract change orders and extras is not changed. This case was and should continue to

be a breach of contract / unjust enrichment claim involving disputed change orders and extras. The fraud allegations and the attorneys fee claim should not be allowed at this late date. If allowed, HCI would probably file a third party complaint for indemnification against the general contractor, Hensel Phelps.

Moreover, amending the complaint at this juncture will prejudice Huntington. For no reason other than the seeming neglect of plaintiff's counsel, the claim for fraud was brought neither in the in the original complaint nor in the course of discovery. Rather, JB waited until the close of discovery. The Court-mandated discovery deadline passed on August 28, 2008. Written discovery is at or near its conclusion. A number of depositions, including that of Huntington's principal, have taken place. Many of these depositions will have to be re-noticed should the amendment be granted. This will cause the defendant to incur unnecessary legal fees and it will unnecessarily prolong the proceeding.

***"Good Cause" Standard Under Rule 16(b)***

In the alternative, the proper standard to be applied in this instance is the "good cause" standard under Fed.R.Civ.P. Rule 16(b). Rule 16(b) mandates that the Court enter a scheduling order setting deadlines for all proceedings in the litigation, including, amending the pleadings. The rationale behind establishing hard and fast deadlines for amending the pleadings is to make sure "that at some point both the parties and the pleadings will be fixed." Advisory Committee Notes to the 1983 Amendments to Fed.R.Civ.P. 16(b). The Rule recognizes that sometimes parties will be unable to meet the established deadlines, and therefore, the Court may extend a scheduling order deadline on a showing "of good cause if the [deadline] cannot reasonably be

met despite the diligence of the party seeking the extension." O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152 (1st Cir. 2004).

It has been established that the Rule 16(b) "good cause" standard, rather than the Rule 15(a) "freely given" standard, applies when a party seeks to amend a pleading subsequent to the passing of the scheduling order deadlines. E.g., O'Connell, 357 A.2d at 154; Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003). In this way, the "good cause" standard "preserves the integrity and effectiveness of Rule 16(b) scheduling orders." O'Connell, 357 F.3d at 155 (citing Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998).

In this case, the discovery deadline proscribed by the Court will be relegated to a "frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).

JB has suggested no good cause to support its request that the complaint be amended to add a count for fraud.

## CONCLUSION

Under either the Rule 15(a) "leave" standard or the 16(b) "good cause" standard, the plaintiff's motion should be denied. The parties have largely concluded discovery on the facts of the case at bar with eyes towards proving and disproving the plaintiff's claims for breach of contract, unjust enrichment and book account. The plaintiff has not met its burden of explaining in its motion why it has waited to amend its complaint. The plaintiff has not stated that it has discovered any facts in the course of discovery that would bring about such a claim. Finally,

adding a fraud claim at this point would prejudice the defendant by causing duplicative discovery to be had.

For the aforementioned reasons, the plaintiff's motion for leave to amend its complaint should be denied.

Defendant,
***Huntington Controls, Inc.***
By its Attorneys:

/s/ David M. Campbell
David M. Campbell, Esq. (#3355)
David L. Fine, Esq. (#7368)
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 - Telephone
(401) 421-9302 - Facsimile

**CERTIFICATION**

I, the undersigned, do hereby certify that a copy of the foregoing has been furnished electronically via United States District Court ECF system, this 10th day of September, 2008 to:
Thomas A. Tarro, III, Esquire
THE LAW FIRM OF THOMAS
TARRO, III, ESQUIRE
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886

/s/ David M. Campbell