UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

J.B. ELECTRIC CO., INC. :
:
VS. : CA. NO.: 07-400 ML
:
HUNTINGTON CONTROLS, INC. :

**REPLY MEMORANDUM TO THE DEFENDANT'S OBJECTION TO MOTION TO AMEND**

**FACTUAL BACKGROUND**

This Complaint was filed with the Clerk of the United States District Court for the District of Rhode Island on October 26, 2007. The Defendant, Huntington Controls, Inc., answered the Complaint on or about November 23, 2007.

Plaintiff served the Defendant with Interrogatories and Document Request on or about January 8, 2008. Said discovery sought information and relevant documents, including but not limited to the specifications and plans provided to the Plaintiff (which the Plaintiff was required to leave at the job site upon completion of the job) and Bulletins 55 and 63, which were referred to by the Defendant in its Rule 26 Disclosure, but not provided to Plaintiff's counsel and which reflected changes to the Plaintiff's scope of work regarding the Renaissance Hotel project.[1]

The Defendant objected to the Plaintiff's discovery request on the grounds that the Rule 16 Conference had not yet taken place.

---

[1] Aside from the formal discovery request, Plaintiff's counsel forwarded a number of correspondence to defense counsel seeking the original blueprints, specifications and Bulletins 55 and 63.

On January 31, 2008, the Pretrial Conference took place before Chief Judge Lisi. Subsequently, Plaintiff's counsel noticed the depositions of individuals identified by the Defendant in response to its Rule 26 Disclosure, as individuals who are likely to have discoverable information concerning the litigation.

On May 7, 2008, the Defendant filed a Motion for Protective Order, precluding the Plaintiff from taking the depositions previously noticed.[2]

On May 28, 2008, Magistrate Almond heard the Defendant's Motion for Protective order, along with the Plaintiff's Motion to Compel Answers to Interrogatories and Document Request served on the Defendant, as well as the Plaintiff's Motion to Extend Discovery Closure Date.[3] The Court granted the Plaintiff's Motions to Compel. The Court also granted the Defendant's Motion for Protective Order. With respect to same, the Court ordered that the Plaintiff could re-notice the Depositions of Michael Huntington and Paul Milan and "after conducting these depositions and reviewing the Defendant's interrogatory responses, Plaintiff may, consistent with limitations of Rule 26(b), notice additional depositions as reasonably necessary." (Text Order entered on May 28, 2008) Lastly, the Court granted the Motion to Extend Discovery Closure Date and reset discovery closure to August 28, 2008.

[2] Defendant cited Rule 30(a)(2)(A)(i) in support of its motion. However, Plaintiff respectively submits to the Court that said Rule provides that a party must seek leave of Court to the extent that it notices 10 or more depositions. The Notices of Deposition issued by the Plaintiff did not exceed 10, and therefore, Defendant's reliance on Federal Rule was misplaced.

[3] As of May 28, 2008, the Plaintiff had not received any response to the outstanding discovery requests propounded upon the Defendant.

Since the hearing on May 28, 2008, the following events and relevant discovery have transpired:

(1) On June 3, 2008, defense counsel forwarded a CD Rom Disc, which contained three (3) digital files identified as Original Base, Bulletin #55 and Bulletin #63

(2) Plaintiff's counsel received the Defendant's Answers to Interrogatories on or about June 19, 2008.[4]

(3) On June 27, 2008, the Defendant served Request for Production of Documents on the Plaintiff. The Defendant has not served Interrogatories on the Plaintiff, in this matter.

(4) On July 17, 2008, Plaintiff re-noticed the depositions of Michael Huntington and Paul Milano for July 30, 2008. The Notices of Deposition requested the production of certain documents as identified in exhibit "A" which was attached to the notice. (Exhibit "1" to Reply Memo)

(5) On July 29, 2008, the deposition of Michael Huntington was conducted by Plaintiff's counsel. Mr. Huntington failed to bring to the deposition specific documents requested including the original drawings, Bulletins 55 and 63. He did bring documents that had previously been produced in accordance with defendant's Rule 26 disclosure. (See excerpts of Mr. Huntington's deposition attached hereto as Exhibit "2")

(6) At his deposition Mr. Huntington testified that he did not oversee the Renaissance Hotel project, but only came involved when there was a problem. He further testified that the project manager on the job was initially Steve Lamers and then Jeff Hickenbottom and that he had no knowledge concerning the scope of the work to be performed nor the work schedule. Lou Micheli, a former employee of Huntington, was identified as the individual knowledgeable as to the those issues. Based on his failure to provide documents responsive to the deposition notice request the deposition was suspended to be reconvened at a later date.

---

[4] Pursuant to Judge Almond's order, said Answers were due within 10 days of the hearing, or on or by June 7, 2008.

(7) The deposition of Paul Milano was noticed to take place on July 30, 2007 but was rescheduled due to a scheduling conflict. As of the date of filing the instant Reply, Paul Milano's deposition has not been taken but is presently scheduled to be conducted on September 23, 2008.

(8) Since February 2008 Plaintiff's counsel has made repeated request by phone and in writing for the plans, specifications and change orders on which Plaintiff bid and performed work at the project. (See Exhibit "3" attached hereto)

(9) On August 19, 2008 the deposition of Jeff Hickenbottom was conducted.

Based on the foregoing, and contrary to the representations of Defendant in its Memorandum, the only depositions that have taken place thus far is that of Michael Huntington and Jeff Hickenbottom.

Moreover, the only discovery that has been propounded by the Defendant is the Request for Production of Documents, which Plaintiff responded to on or about July 29, 2008.

As for the Plaintiff, its counsel is still seeking information which it was seeking at the commencement of this litigation, specifically the blueprints, specifications and drawings on which the Plaintiff submitted a bid and any change work orders.

## LEGAL ARGUMENT

As stated in Plaintiff's Memorandum in Support of its Motion to Amend Complaint, Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading by leave of Court and that leave shall be freely given when justice so requires.

The Plaintiff now seeks to amend its Complaint to add a count for Fraud in the Inducement. Said count is largely based on testimony provided by Michael Huntington at his deposition on July 29, 2008. Along these lines, Mr. Huntington testified as follows:

> Q. They had certain people, okay, that were working on the job site in March of 2007, correct?
> A. Correct.
>
> * * *
>
> Q. Okay. You indicated to J.B. Electric that you wanted them to bring in additional electricians to work on the job on the accelerated basis, correct?
> A. To work -- to work -- yeah. To finish the job on time. Yeah.
> Q. Well, to work on an accelerated basis?
> A. Well, I think you have to define what accelerated basis is.
> Q. Well, that's the word that you used. You understood that Hensel/Phelps, the general contractor wanted to
>
> 52
>
> accelerate the work schedule --
> A. Right.
> Q. -- to complete the job --
> A. That's correct.
> Q. -- by a certain date?
> A. And Hensel/Phelps said to do that they were willing to pick up all the premium time.
> Q. And you understood that additional laborers, electricians had to be hired by J.B. Electric to work the job?
> MR. CAMPBELL: Objection.
> A. I don't know where they were going to get the electricians, whether they had to hire them or they're going to take them from other projects. I knew that the -- that they weren't going to do it on the 40-hour week with the people that they had. (Deposition TR. M. Huntington, pp. 49-52)

(See excerpts of deposition testimony attached as Exhibit “2”)

Plaintiff submits that the foregoing testimony supports its Motion to Amend its Complaint, particularly where the evidence will establish that representations were made to the Plaintiff, by and through Mike Huntington the President and a principal of the Defendant corporation. The addition of a new theory of recovery in the amended Complaint will not in any way delay the discovery phase of this case or the trial of this case.

Plaintiff recognizes that the Motion to Amend its Complaint was filed on August 29, 2008; one (1) day after the discovery closure date. However defendant will not be prejudiced in any way by the addition of this new theory of recovery at the close of discovery.

Plaintiff respectively submits to the Court that the case law relied upon by the Defendant in its objection to the Motion to Amend deal with factual backgrounds very different from the case at bar. Indeed, in cases cited by the Defendant, the Motions to Amend the pleadings were filed well after the initial filing of the Complaint and after well after the close of discovery. [See Tiernan v. Dlyth, Eastman, Dillon and Co., 719 F.2d 1, 4 (1st. Cir. 1983) where the Court affirmed the lower court's denial of a Motion to Amend Complaint that was filed two (2) years after the filing of the original Complaint; Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st. Cir. 1995), where the Court affirmed the lower court's denial or a Motion to Amend the Complaint which was filed 43 days after the discovery closure date; O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st. Cir. 2004) where the Court affirmed the lower court's denial of a

Motion to Amend pleadings which was filed more than 4 months after the discovery closure date and after the Defendant had filed a Motion to Dismiss; Harvey v. Snow, 281 F. Supp. 2d 376, 380 (D.R.I. 2003) where the Court affirmed the trial Court's denial of a Motion to Amend the Complaint which came 15 months after original Complaint was filed and on the eve of the scheduled trial date.]

No trial date has been scheduled in this matter.

Your Plaintiff submits that the filing of the Motion to Amend the Complaint one (1) day after discovery closure does not constitute the unexplained types of delay or neglect, which warranted the denial of the Motions to Amend pleadings in the case law relied upon by the Defendant and as cited above. Moreover, and more importantly, this Court's Pretrial Scheduling Order, dated January 31, 2008, provides in pertinent part:

> After 10 days from the close of discovery, no motions shall be filed except by leave of the undersigned; the case is subject to being called for trial on 48-hr notice, unless otherwise ordered by the undersigned.

Your Plaintiff submits that the filing of its Motion to Amend the Complaint one (1) day after the discovery closure date is clearly permitted pursuant to the Court's Pretrial Order.

Based on the foregoing, your Plaintiff submits that its Motion to Amend the Complaint should be granted by this Court. Indeed, the filing of the Motion is permitted pursuant to the Court's Pretrial Order, dated January 31, 2008.

Moreover, the factual basis surrounding the filing of said Motion does not establish unreasonable delay or neglect on behalf of the Plaintiff in filing the Motion just one (1) day after the discovery closure date, particularly, where it is based on testimony of Michael Huntington at his deposition, which was conducted a few weeks earlier, and which has yet to be concluded.

Your Plaintiff submits that based on the Court's standards, as set forth in Rule 15(a) as well as Rule 16(b), its Motion to Amend should be granted. Along these lines, Plaintiff respectfully reminds the Court that its counsel has vigilantly attempted to conduct discovery in this matter; which attempts have met significant resistance from the Defendant, by and through its counsel (i.e. (1) filing Motions for Protective Order to delay and preclude fact depositions; (2) delay in providing documents responsive to formal discovery request propounded upon the Defendant and Answers to Interrogatories; and (3) failing to properly prepare deponents for deposition and produce documents at deposition.)

Contrary to the Defendant's position as set forth in its Objection to the Motion to Amend, the record herein does not evidence an adequate basis for denial of the instant Motion. There has not been undue delay on the party of the Plaintiff in filing the Motion to add the count for Fraud in the Inducement, which was based largely on deposition testimony on Michael Huntington, nor does the Motion constitute bad faith or a dilatory motive on the part of the Plaintiff, as shown by its efforts, through counsel, to conduct meaningful discovery in this matter. Lastly, the Motion clearly is not futile, inasmuch as it sets forth a valid

cause of action against the Defendant arising out of the incident which gave rise to the initial Complaint filed in this matter. Harvey v. Snow, 281 F. Supp. 2d 376 (D.R.I. 20030)

**CONCLUSION**

For all the foregoing reasons, the Plaintiff's Motion to Amend its Complaint should be granted.

Plaintiff,
By and through its attorney,

/s/ Thomas A. Tarro, III
Thomas A. Tarro III, Esq., #2046
LAW FIRM OF THOMAS A. TARRO III
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 fax

**CERTIFICATION**

I hereby certify that I e-mailed a true copy of the within Reply Memorandum to the Defendant's Objection to Motion to Amend on the 15th day of September, 2008 to:

David M. Campbell, Esq.
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903

/s/ Thomas A. Tarro, III