UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

J.B. ELECTRIC CO., INC.          :
                                 :
       v.                        :     C.A. No. 07-400ML
                                 :
HUNTINGTON CONTROLS, INC.        :

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Amend Complaint pursuant to Fed. R. Civ. P. 15(a). (Document No. 19). This Motion has been referred to me for determination. 28 U.S.C. 636(b)(1)(A); LR 72. A hearing was held on October 1, 2008. For the reasons discussed below, Plaintiff's Motion to Amend is GRANTED.

Plaintiff seeks to add a fourth count of fraud in the inducement to its Complaint. Plaintiff also seeks to add supporting factual paragraphs regarding representations allegedly made by Defendant's principal concerning reimbursement of Plaintiff's "straight time" expense for adding additional electricians to the project in question to meet an accelerated project schedule. At the hearing, Defendant's counsel represented that his client disputed that any such representation was ever made.

Plaintiff's Motion to Amend was filed one day after the discovery closure date of August 28, 2008. This case is not scheduled for trial and has been pending in this Court for eleven months. The discovery closure date has been the subject of one extension.

Under Fed. R. Civ. P. 15(a), leave to amend shall be "freely given when justice so requires." However, the right to amend is not absolute. "Among the adequate reasons for denying leave to amend are undue delay in filing the motion and undue prejudice to the opposing party by virtue of

allowance of the amendment." Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 51 (1st Cir. 1998) (internal quotations omitted). Undue delay is a sufficient basis "especially where allowing the amendment will cause further delay in the proceedings." Id. at 52; see also Harvey v. Snow, 281 F. Supp. 2d 376, 380 (D.R.I. 2003). Furthermore, the burden on a party seeking to amend "becomes more exacting" as the case nears trial. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

In conducting the Rule 15 balancing test, the Court observes that neither side has made a very compelling showing. Plaintiff's counsel had difficulty at the hearing explaining what facts were unearthed during discovery which brought to light a previously unknown fraud claim. However, Plaintiff's counsel represented at the hearing that he was hesitant to assert a fraud claim without a sufficient factual basis for doing so. Such a concern is understandable, and Plaintiff's counsel is given the benefit of the doubt as to whether he should, or could, have plead this fraud claim in his original Complaint.

On Defendant's side, it has not made a very compelling showing of prejudice. This case is not scheduled for trial. The "new" facts alleged do not involve third parties but arise out of communications between the parties. The scope of such alleged communications is relatively narrow in subject and time. Further, Defendant has held off, apparently by agreement, from deposing Plaintiff's principal and project manager, pending resolution of this Motion. Thus, this is not a case where a defending party is forced to reconvene depositions to cover "new" territory. On balance, the liberal amendment policy of Rule 15(a) and the nominal showing of prejudice to Defendant weigh in favor of allowing Plaintiff's amendment.

For the foregoing reasons, Plaintiff's Motion to Amend Complaint (Document No. 19) is GRANTED.  Plaintiff shall file its Amended Complaint within seven (7) days.  Plaintiff shall also cooperate with Defendant in promptly scheduling the depositions of its principal and project manager, and Defendant is granted leave to reasonably supplement its written discovery requests to address Plaintiff's fraud claim.

SO ORDERED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United State Magistrate Judge
October 1, 2008